IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wendell Cooper, Plaintiff, vs. Greenville County School District, Defendant. | C/A No. 6:25-cv-11290-DCC-WSB<br>**REPORT AND RECOMMENDATION** |

Wendell Cooper ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against Defendant Greenville County School District ("Defendant" or "the District") alleging employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* ECF No. 1. This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 16. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

## FACTS AND BACKGROUND[1]

Plaintiff was employed as a long-term substitute physical education teacher with the District during the first semester of the 2022-2023 school year. ECF No. 1 ¶¶ 9, 11. Plaintiff had been retained for the physical education teacher position for the entirety of such school year. *Id.* ¶ 11. On January 6, 2023, Plaintiff applied for the permanent physical education teacher position

[1] The facts are taken from the Complaint and are afforded the presumption of truth at this stage. ECF No. 1.

with Defendant. *Id.* ¶ 1. At the time that Plaintiff's application was filed, Plaintiff was sixty-seven years old. *Id.* ¶ 10.

Plaintiff communicated with Dr. Emerson, who was then serving as an Assistant Principal, regarding the application and candidacy for the physical education position. ECF No. 1 ¶ 12. Dr. Emerson acknowledged Plaintiff's interest and was responsible for scheduling and conducting interviews for the position, which were delayed. *Id.* ¶ 12.

Despite Plaintiff's qualifications and experience, he was not hired for the position. ECF No. 1 ¶ 13. Instead, in March 2024, Plaintiff learned that Defendant hired a substantially younger and less qualified individual for the position. *Id.* ¶¶ 13, 19, 23.

Plaintiff attached two Notices of Right to Sue to the Complaint. *See* ECF No. 1-2. One Notice was issued by the South Carolina Human Affairs Commission ("SCHAC") on May 29, 2025. *See id.* at 2. The other Notice was issued by the Equal Employment Opportunity Commission ("EEOC") and was signed on June 16, 2025. *See id.* at 1. Plaintiff does not allege, and the Notices do not identify, the date on which Plaintiff filed the charge with the SCHAC or EEOC. *See generally* ECF Nos. 1; 1-2. Defendant asserts[2] that Plaintiff filed a charge with the EEOC on May 12, 2024, alleging discrimination based on age and race stemming from the January 6, 2023 job application. ECF No. 16-1 at 2.

[2] Defendant appears to cite to an exhibit throughout its Motion to Dismiss. *See generally* ECF No. 16-1. It is unclear whether Defendant cites to the Notices attached to the Complaint (because the Notices are the only exhibit on the record) or cites to an exhibit charge that Defendant forgot to attach to its Motion. Regardless, no charge is available on the record for the Court to examine and the Notices do not contain relevant information regarding the nature or filing dates of their corresponding charge. *See generally* ECF Nos. 1; 1-2.

**Procedural Background**

On August 21, 2025, Plaintiff filed the Complaint asserting a failure to hire claim against Defendant under the ADEA. ECF No. 1 ¶¶ 20-25. On October 1, 2025, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. On October 2, 2025, in an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences for failing to respond adequately. ECF No. 17. Plaintiff filed a Response on October 7, 2025. ECF No. 19. Defendant filed a Reply on October 14, 2025. ECF No. 21. This matter is ripe for review.

## APPLICABLE LAW AND ANALYSIS

**Rule 12(b)(6) Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d

218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Liberal Construction of *Pro Se* Pleadings**

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**Defendant's Motion to Dismiss**

Defendant argues that it is entitled to dismissal of Plaintiff's ADEA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's filing of the administrative charge

was untimely. ECF No. 16-1 at 3-8. For the reasons below, Defendant's untimeliness argument is unpersuasive at this stage.

***Timeliness***

ADEA claims are subject to a limitations period wherein a plaintiff must exhaust administrative remedies before bringing suit in federal court. *See Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022) ("It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC.") (citing 42 U.S.C. § 2000e-5(b), (f); 29 U.S.C. § 633a(d)). Because South Carolina is a "deferral state" and Plaintiff dual filed the EEOC charge with the SCHAC, a 300-day limitations period applies in this matter for the purposes of administrative exhaustion.[3] *See Farley v. Goodwill Indus. of Lower S.C., Inc.*, C/A No. 4:15-cv-2450-RBH-KDW, 2016 WL 408949, at *3 n.3 (D.S.C. Jan. 12, 2016) (recognizing that "South Carolina is a deferral state in which the 300-day limitations period applies in certain circumstances," and applying the 300-day limitations period to an ADEA claim.), *R&R adopted by* 2016 WL 398159 (D.S.C. Feb. 2, 2016).

The Supreme Court of the United States has specifically identified failure to hire as a "discrete act" that "occur[s] on the day that it happen[s]." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-14 (2002). Generally, the date upon which a failure to hire claim begins to accrue, meaning the date upon which the 300-day limitations period begins to run, is the date upon which an employer makes the decision not to hire a plaintiff, or the date upon which the plaintiff is noticed of such. *See, e.g.*, *Spida v. BAE Sys. Info. Sols., Inc.*, C/A No. 1:16-cv-979, 2016 WL 7234088, at *4 (E.D. Va. Dec. 14, 2016) ("As a general matter, claims for discrete

[3] Neither party disputes that the 300-day limitations period applies in this matter. *See* ECF No. 16-1 at 4; *see generally* ECF No. 19.

employment actions such as ... refusal to hire accrue[s] on the date that [it] occur[s]…. [T]he '300-day period begins to run from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition.") (internal quotation marks omitted) (citing *Morgan*, 536 U.S. at 122; *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F.Supp.2d 793, 796 (E.D. Va. 2007)); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 n.2 (4th Cir. 2004) ("[I]t is the date of the actual promotion decision and not the date of the ultimate assignment (or any other date) that determines the timeliness of [a plaintiff's failure to promote] claims.") (citing *Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir. 1985)); *Oldham v. Univ. of N. Carolina*, C/A No. 1:22-cv-513, 2023 WL 3984031, at *11 (M.D.N.C. June 13, 2023) ("Here it is readily apparent that [the plaintiff's] Title IX claims against UNC that are related to her non-selection as coach accrued no later than April 2019 when UNC notified her that she would not be hired for a coaching position. At that time, she knew of her alleged injury—UNC's failure to hire her—and who inflicted that injury—UNC. [The plaintiff] was at least on inquiry notice by this time."). If no notice is ever given, then the date upon which a third party is hired for the position to the exclusion of the plaintiff may also serve as the accrual date, because such would provide actual or constructive notice of the employer's hiring decision. *See Spida*, 2016 WL 7234088, at *4 ("Relying on *Williams*, the District Court for the Northern District of Oklahoma found that '[i]n determining when a failure to promote claim accrues, it is the date the employer fills the position to the exclusion of plaintiff that determines the timeliness of the claim.'") (quoting *Doyle v. Nordam Grp., Inc.*, C/A No. 09-cv-531-TCK-FHM, 2010 WL 5141274, at *5 (N.D. Okla. Dec. 13, 2010), *aff'd*, 492 F. App'x 846 (10th Cir. 2012)).

In this matter, neither party proffers a date on which: (1) Defendant made the decision not to hire Plaintiff for the position; (2) Plaintiff was noticed of Defendant's decision regarding

whether Plaintiff was hired; or (3) a third party was hired for the position to the exclusion of Plaintiff. Instead, based on Plaintiff's assertions, Defendant to some degree acted as if Plaintiff had not applied for the position and thus never noticed Plaintiff of the decision regarding whether to hire Plaintiff. *See* ECF No. 19 at 4 ("Defendant never provided Plaintiff any notice that the … position had been filled. Under the District's customary hiring practice, applicants are notified when a selection decision is made. Because the District maintained that Plaintiff had never applied, he was not listed as an applicant and therefore received no notice…."). In addition, as Plaintiff asserts, Defendant does not identify the actual date when the position was filled, which is material because the selection date is "the operative event for accrual in a failure to hire case and is a fact uniquely within Defendant's possession. Where Defendant denied that Plaintiff ever applied and provided no selection notice, Plaintiff could not reasonably discover that the position had been awarded to a substantially younger person until March 2024…." *Id.* at 4-5.

Defendant has not asserted a date on which a hiring decision was made. *See generally* ECF No. 16-1; 21. Instead, Defendant contends that Plaintiff's failure to hire claim accrued "on or about January 1, 2023," because "Plaintiff relies on a hiring decision from on or about January 2023 as the only basis for his age discrimination claim." ECF No. 16-1 at 3-6. Defendant's argument is not persuasive. Nowhere in the Complaint does Plaintiff allege that he was noticed of Defendant's hiring decision in January 2023 or that Defendant actually made the hiring decision in January 2023. *See generally* ECF No. 1. The date of application is not the relevant date on which the limitations period begins to accrue for the purposes of a failure to hire claim.

Defendant also contends that Plaintiff knew or should have known that he was not getting the position by March 2023 because Plaintiff's employment with the Defendant ended in March 2023. ECF No. 16-1 at 6 n.5. In support for the assertion that Plaintiff's employment with the

District ended in March 2023, Defendant cites to a paragraph in the Complaint and Defendant's own bare assertion that "Plaintiff was removed from Defendant's substitute teacher pool after a thorough review that affirmed he engaged in inappropriate conduct with a female student."[4] *See* ECF No. 16-1 at 1 n.1. The paragraph from the Complaint cited by Defendant alleges as follows:

> Plaintiff was qualified for the PE position, having extensive teaching experience, including service as a long-term substitute teacher in the same position during the first semester of the 2022-2023 school year. Plaintiff was retained to complete the school year when the position became available.

ECF No. 1 ¶ 11. Nowhere in this paragraph does Plaintiff allege that he was employed by the school district from approximately January 2020 through March 2023. Plaintiff does appear to concede that his employment with Defendant ended at some point when he asserts that he "performed the Physical Education teacher duties at Southside High School during the first semester of the 2022 through 2023 school year and continued into January 2023 at the start of the second semester, after which the District ended his assignment."[5] *See* ECF No. 19 at 1-2. Regardless of the date on which Plaintiff's actual employment ended, Defendant's argument that the end of Plaintiff's employment put Plaintiff on actual or inquiry notice that his application for the position had been denied is not persuasive at this stage.

Given Defendant's alleged failure to notice Plaintiff of its hiring decision, the Court is left with only one potentially relevant date set out in the Complaint, March 2024, the date in which

---

[4] This assertion is not support by any allegation of the Complaint or the Notices attached to the Complaint. *See generally* ECF Nos. 1; 1-2. Given that such is not alleged in the Complaint and that there is no competent record before the Court, the Court does not consider Defendant's assertion at this stage.

[5] This assertion hardly clarifies any date on which Plaintiff was terminated or otherwise ended his employment relationship with Defendant, and much less supports Defendant's assertion that Plaintiff's employment ended in March 2023.

Plaintiff alleges that he discovered that a substantially younger individual filled the position. ECF No. 1 ¶ 13. Defendant contends that the range of the 300-day limitations period began on July 17, 2023.[6] Assuming that March 2024 is the date on which Plaintiff received notice that a third party was hired to the exclusion of Plaintiff, Plaintiff's charge would be timely.

Based on the foregoing, when the 300-day limitations period is applied based upon the allegation on the face of the Complaint, Defendant's Motion to Dismiss should be denied. *See LaFauci v. Boone Cnty. Bd. of Educ.*, C/A No. 2:25-cv-00081, 2026 WL 763309, at *3 (S.D.W. Va. Mar. 18, 2026) ("Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.") (quoting *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996)); *Darden v. Cardinal Travel Ctr.*, 493 F.Supp.2d 773, 775 (W.D. Va. 2007) ("[A] defense of the statute of limitations may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint.") (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)); *Brooks v. United Parcel Service Inc.*, C/A No. 20-cv-2617-DKC, 2021 WL 4339194, at *5 (D. Md. Sept. 23, 2021) (denying motion to dismiss grounded on timeliness argument when "the face of the complaint [did not] clearly reveal[]" that the [alleged discriminatory conduct] occurred before the limitations period began to run.") (citation omitted).

[6] Defendant asserts that "because Plaintiff filed his [c]harge on May 12, 2024, his [c]harge (and therefore the scope of this lawsuit) was limited to conduct that occurred 300 days prior to the filing of that [c]harge, which would have been July 17, 2023. ECF No. 16-1 at 6. Again, the Complaint does not allege, and there is no competent record showing, that Plaintiff filed a charge on May 12, 2024. Therefore, the Court cannot find that Plaintiff filed a charge on that date.

**Other Miscellaneous Relief Sought by Plaintiff**

Plaintiff requests that the Court equitably toll any limitation period until March 2024, the date Plaintiff allegedly discovered that a substantially younger individual filled the position, based on Defendant allegedly misrepresenting that Plaintiff actually did not apply for the position during administrative proceedings under the SCHAC. *See* ECF Nos. 19 at 3-6; 1 ¶¶ 26-31. The Court declines considering whether equitable tolling applies at this stage. The Court has recommended that the district court deny Defendant's Motion to Dismiss.

Plaintiff also requests that the Court "stay these proceedings until Defendant has fully complied with its obligations under the South Carolina Freedom of Information Act (FOIA), S.C. Code Ann. § 30-4-10 *et seq.*" ECF No. 1 ¶ 32 (emphasis added). Plaintiff alleges that he submitted FOIA request seeking records necessary to support his claim and that Defendant has refused to produce such records. *Id.* Plaintiff asserts that a stay is warranted to prevent prejudice and to ensure that he has access to records necessary to fairly litigate this action. *Id.* The Court declines considering a stay at this time. The Court has recommended that the district court deny Defendant's Motion to Dismiss, and thus any prejudice stemming from Plaintiff's alleged lack of access to records may be cured by discovery. In addition, Plaintiff has not filed a proper motion to stay or shown "clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *See Pickens v. Hendricks*, C/A No. 1:21-cv-00030-MR, 2022 WL 2706117, at *2 (W.D.N.C. July 11, 2022) (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, Defendant fails to show that Plaintiff's ADEA claim is untimely based on the date on which Plaintiff's filed an administrative charge. Accordingly, the undersigned **RECOMMENDS** that the district court **DENY** Defendant's Motion to Dismiss (ECF No. 16).

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

July 16, 2026
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).